CAROLINE D. CIRAOLO
Acting Assistant Attorney General

VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-307-6484 (v)
202-307-0054 (f)
Virginiacronan.lowe@usdoj.gov

Of Counsel:
DANIEL G. BOGDEN
United States Attorney
District of Nevada

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

| | |
|---|---|
| LAKE LAS VEGAS MASTER TRUST,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE; Z'S, a defaulted Nevada Corporation; and DOES 1 through 10, inclusive<br><br>　　　　Defendants. | Case No. 2:14-cv-00435-GMN-NJK<br><br>(Consolidated with<br> Case No. 2:14-cv-00658 GMN-NJK)<br><br>[Proposed]<br>ORDER OF FORECLOSURE AND JUDICIAL SALE |
| LN MANAGEMENT LLC SERIES 31 RUE MEDITERRA<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE; Z'S, a defaulted Nevada Corporation; and DOES 1 through 10, inclusive<br><br>　　　　Defendants. | |

The Court has entered judgment in favor of the United States and ordered foreclosure of the United States' federal tax lien against four parcels of real property located at 27 Rue Mediterra Dr., Henderson, NV 89011, 29 Rue Mediterra Dr., Henderson, NV 89011, 31 Rue Mediterra Dr., Henderson, NV 89011 and 33 Rue Mediterra Dr., Henderson, NV 89011 the Subject Property. This Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28 U.S.C. §§ 2001, 2002, and 3201 and 26 U.S.C. §§ 7402 and 7403. The Court hereby orders as follows:

1. On March 28, 2016, this Court entered Judgment in favor of the United States and against plaintiff Lake Las Vegas Master Trust (Doc. Nos. 51 and 52) in Civil No. 2:14-cv-00435-GMN-NJK and on March 29, 2016, this Court entered Judgment in favor of the United States and against plaintiff LN Management LLC Series 31 Rue Mediterra (Doc. Nos. 19 and 20) in Civil No. 2:14-cv-00658-GMN-NJK.

2. The real properties at issue, referred to as the "Subject Properties," upon which the United States is entitled to foreclose its tax lien are located at 27 Rue Mediterra Drive, Henderson, Nevada 89109, APN 160-23-213-004; 29 Rue Mediterra Dr., Henderson, NV 89011, APN 160-23-213-003; 31 Rue Mediterra Dr., Henderson, NV 89011, APN 160-23-213-002; and 33 Rue Mediterra Dr., Henderson, NV 89011, APN 160-23-213-001, respectively, and are more particularly described as follows:

> Lot Four Nineteen (419) of Marseilles (also known as "Lake Las Vegas – Parcel 25") as shown by map thereof on file in Book 66 of Plats, Page 80, in the Office of the County Recorder of Clark County, Nevada.
>
> Lot Four Twenty (420) of Marseilles (also known as "Lake Las Vegas – Parcel 25") as shown by map thereof on file in Book 66 of Plats, Page 80, in the Office of the County Recorder of Clark County, Nevada.

    Lot Four Twenty-One (421) of Marseilles (also known as "Lake Las Vegas – Parcel 25") as shown by map thereof on file in Book 66 of Plats, Page 80, in the Office of the County Recorder of Clark County, Nevada.

    Lot Four Twenty-Two (422) of Marseilles (also known as "Lake Las Vegas – Parcel 25") as shown by map thereof on file in Book 66 of Plats, Page 80, in the Office of the County Recorder of Clark County, Nevada.

3. The United States has a valid and subsisting federal tax lien based on Z's, A Nevada Corporation's unpaid corporate income tax liabilities for 2004 and 2005 against all property and rights to property belonging to Z's, including but not limited to the Subject Properties.

4. Section 7403 of Title 26 (U.S.C.) entitles the United States to enforce its lien against the Subject Properties in order to apply the proceeds towards the liabilities described in paragraph 3.

5. The United States' federal tax lien against the Subject Properties is hereby foreclosed. The United States Marshal for the District of Nevada, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Properties, free and clear of the right, title and interest of all parties to these actions and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a PALS representative to carry out the sale(s) under this Order of Sale and shall make the arrangements for any sale(s) as set forth in this Order. This Order of Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

6. The United States Marshal for the District of Nevada, his/her representative, or a PALS representative shall have sole discretion to sell the Subject Properties together as one or more units or to sell the Subject Properties separately. For the purposes of this order, any

reference to the "sale" or "sales" shall be construed to refer to the sale of the Subject Properties separately, or together, as determined by the United States Marshal for the District of Nevada, his/her representative, or a PALS representative.

7. The United States Marshal for the District of Nevada, his/her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the property, including without limitation retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

8. The terms and conditions of the sale(s) are as follows:

   a. Except as otherwise stated herein, the sale(s) shall be by public auction to the highest bidder(s), free and clear of all liens and interests.

   b. The sale(s) shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

   c. The sale(s) shall be held at the Clark County Courthouse, on the Subject Properties premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

   d. Notice of the sale(s) shall be published once a week for at least four consecutive weeks before the date fixed for the sale(s) in at least one newspaper regularly issued and of general circulation in Clark County, Nevada, and, at the discretion of the Marshal, his/her representative, or a

PALS representative, by any other notice that it or its representative may deem appropriate. State or local law notice requirements for foreclosures or execution sales do not apply to this sale or sales under federal law and state or local law regarding redemption rights do not apply to this sale or sales. The notice(s) of sale(s) shall describe the Subject Properties and shall contain the material terms and conditions of sale in this Order of Sale.

e. The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Sale, hold new public sales, if necessary, and reduce the minimum bid, or sell to the highest bidder(s);

f. Bidders shall be required to deposit at the time of sale with the Marshal, his/her representative, or a PALS representative, ten percent of the minimum bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the District of Nevada. Before being permitted to bid at the sale(s), bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement.

g. The balance of the purchase price in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within thirty (30) days after the date the bid is

    accepted by a certified or cashier's check payable to the United States District Court for the District of Nevada. If the successful bidder(s) fail(s) to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale(s), including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to Z's, a Nevada Corporation's federal tax liabilities, described in Paragraph 3. The Subject Properties shall be again offered for sale under the terms and conditions of this Order of Sale or, in the alternative, sold to the second highest bidder or bidders. The United States may bid as a credit against its judgment without tender of cash.

h. The sale(s) of the Subject Properties shall not be final until confirmed by this Court. The Marshal or a PALS representative shall file a report of sale(s) with the Court within 30 days from the date of receipt of the balance of the purchase price.

i. Upon confirmation of the sale(s), the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Subject Properties to the purchaser(s).

j. Upon confirmation of the sale(s), the interests of, liens against, or claims to the Subject Properties held or asserted by the United States in the Counterclaims and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale(s) is ordered pursuant to 28 U.S.C. § 2001.

Redemption rights under state or local law shall not apply to this sale or sales under federal law.

k. Upon confirmation of the sale(s), the purchaser shall have the recorder of deeds, Clark County, Nevada, to cause transfer of the Subject Property to be reflected upon that County's register of title.

9. Until the Subject Properties are sold, Lake Las Vegas Master Trust and LN Management LLC Series 31 Rue Mediterra shall take all reasonable steps necessary to preserve the Subject Properties (including all buildings, improvements, fixtures and appurtenances thereon, if any) including, without limitation, maintaining any current fire and casualty insurance on the Subject Properties. Lake Las Vegas Master Trust and LN Management LLC Series 31 Rue Mediterra shall not commit waste against the Subject Properties, nor shall they cause or permit anyone else to do so. Lake Las Vegas Master Trust and LN Management LLC Series 31 Rue Mediterra shall not do anything that tends to reduce the value or marketability of the Subject Properties, nor shall they cause or permit anyone else to do so.  Lake Las Vegas Master Trust and LN Management LLC Series 31 Rue Mediterra shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Properties or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall they cause or permit anyone else to do so. **Violation of this paragraph shall be deemed a contempt of court and punishable as such.** Should Lake Las Vegas Master Trust and LN Management LLC Series 31 Rue Mediterra fail to comply with this paragraph, the United may take steps to protect the Subject Properties by seeking further Court order.

10. All persons occupying the Subject Properties shall leave and permanently vacate the Subject Properties no later than 30 days after the entry of this Order, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person fails or refuses to leave and vacate the Subject Properties by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property is being conducted by a PALS representative. If any person fails or refuses to remove his or her personal property from the Subject Properties by the time specified herein, the personal property remaining at the Subject Properties thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities described in Paragraph 3.

11. Notwithstanding the terms of the immediately preceding paragraph, if, after the sale(s) of the Subject Properties are confirmed by this Court, the Subject Properties remain occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court to the purchaser(s) thereof.

12. The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser(s) into the registry of the court. Upon appropriate motion for disbursement or stipulation of the parties, the Clerk will disburse the funds in the following order of preference until these expenses and liens are satisfied or the proceeds are exhausted:

    a. First, to the IRS, for allowed costs and expenses of the sale(s), including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to


cover the costs of any steps taken to secure or maintain the Subject Properties pending sale and confirmation by the Court;

b. Second, to Clark County, Nevada, for any unpaid real property taxes due and owing at the time of the sale(s), including statutory accruals and interest, and less any payments or credits;

c. Third, to the United States for the federal tax liabilities described in paragraph 3.

DATED this ___11___ day of ___April___, 2016.

_____
UNITED STATES DISTRICT JUDGE